UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAMMY LEE KING,

    Petitioner,

v.                                          Case No.:  2:20-cv-544-FtM-38MRM

STATE OF FLORIDA,

    Respondent.
_____/

**<u>OPINION AND ORDER</u>**[1]

Before the Court is Petitioner Sammy Lee King's handwritten Petition for Writ of Habeas Corpus filed July 31, 2020. (Doc. 1). Petitioner filed the Petition while a pretrial detainee being held in the Lee County Jail. King challenges his state charges (in case number 19-CF-19094), claiming officials failed to establish probable cause within twenty-four hours and he was not taken to a first appearance in a timely manner. The state court docket reflects King's criminal case remains pending and a plea hearing is scheduled for August 12, 2020.[2]

As a preliminary matter, the Petition is not cognizable under § 2254 because, as a pretrial detainee, Worley is not "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003). Consequently, because King is a pretrial detainee, the Court construes the Petition as

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] www.matrix.leeclerk.org/case/docview.

being brought under § 2241.  *Medberry*, 351 F.3d at 1060 (discussing the differences between § 2254 and § 2241 and applying § 2241 to pretrial detainees); *see also Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004).  Nonetheless, King is not entitled to relief under § 2241 because he does not allege or demonstrate that he has exhausted his claims in state court.  *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005).  Notably, federal habeas relief is not intended as a "pre-trial motion forum for state prisoners."  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973).

Further, principles of equity, comity, and federalism require the Court to abstain from interfering in state criminal proceedings.  See *Younger v. Harris*, 401 U.S. 37, 45 (1971) ("absent extraordinary circumstances" federal court should not enjoin state criminal proceedings).  King provides no reasons for this Court to overlook the abstention principle.  Nor does he allege any facts that warrant application any exception to the *Younger* doctrine.  See *Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004).[3]

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Because Petitioner is not entitled to habeas corpus relief, the Court must now consider whether he is entitled to a certificate of appealability.  It finds that he is not.

---

[3] Noting the Supreme Court in *Younger* set three exceptions to the abstention doctrine: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised."  *Ibid.*

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 335–36. Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

Accordingly, it is now

**ORDERED:**

1. Petitioner's construed Petition under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to deny any pending motions as moot, enter judgment, and close this file.

3. Petitioner is not entitled to a certificate of appealability.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of August 2020.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record